**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO.** 5:24-CV-134-BJB

PADUCAH & LOUISVILLE RAILWAY, INC. PLAINTIFF

v.

SMYRNA READY MIX CONCRETE, LLC DEFENDANT

---

## COMPLAINT

---

Comes now the Plaintiff, Paducah & Louisville Railway, Inc. ("Plaintiff" or "P&L"), by counsel, and states as follows for its Complaint against the Defendant, Smyrna Ready Mix Concrete, LLC ("Defendant" or "SRM").

### PARTIES

(1) The Plaintiff, Paducah & Louisville Railway, Inc., is a Kentucky corporation with its principal place of business at 200 Clark Street, Paducah, Kentucky 42003.

(2) The Defendant, Smyrna Ready Mix Concrete, LLC, is a Tennessee limited liability company with its principal place of business at 1000 Hollingshead Circle, Murfreesboro, Tennessee 37129.

(3) At all relevant times herein, SRM was registered to do business within the Commonwealth of Kentucky as a foreign limited liability company.

(4) This Complaint and the Summons should be served on SRM's registered agent, as listed with the Kentucky Secretary of State, which is Northwest Registered Agent, LLC, 212 North Second Street, Suite 100, Richmond, Kentucky 40475.

### JURISDICTION AND VENUE

(5) All allegations contained in the preceding paragraphs of this Complaint are

incorporated by reference as if fully restated herein.

(6) The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and the parties are citizens of different states and, therefore, completely diverse.

(7) Regarding citizenship and pursuant to 28 U.S.C. § 1332(c), P&L is incorporated in Kentucky and is a citizen of Kentucky.

(8) Regarding citizenship and upon information and belief, SRM only has one member and that member is not a citizen of Kentucky.

(9) The United States District Court for the Western District of Kentucky is the proper venue for this action pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to this case occurred therein and a substantial part of the property that is the subject of this action is located therein.

(10) Maintenance of this case within the Paducah Division of the United States District Court for the Western District of Kentucky is proper pursuant to LR 3.2(a) because SRM owns, operates, and maintains a facility at 2425 Wayne Sullivan Drive, Paducah, Kentucky 42003 and, therefore, resides within McCracken County, Kentucky.

**GENERAL FACTS AND BACKGROUND**

(11) All allegations contained in the preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

(12) P&L owns, maintains, and operates railroad tracks and supporting structures and equipment within the Commonwealth of Kentucky.

(13) As specifically relevant to this case, P&L owns a railroad bridge at Mile Post 1.9 within its rail system in Kentucky. The bridge located at Mile Post 1.9 passes over and is grade-

separated with West Oak Street in Louisville, Kentucky and is hereinafter referred to as the "Oak Street Bridge."

(14) On August 23, 2023, Cortez Thomas ("Mr. Thomas") was an employee of SRM.

(15) On August 23, 2023, SRM authorized and directed Mr. Thomas to drive and otherwise operate a 2014 Oshkosh Cement/Concrete Mixer (the "concrete truck") owned by SRM.

(16) At all times relevant to this Complaint, Mr. Thomas was working for, employed by, or otherwise controlled by SRM and was working within the course and scope of his employment or agency with SRM.

(17) At approximately 2:24pm on or about August 23, 2024, Mr. Thomas was driving SMR's concrete truck traveling from west to east (e.g., driving in an easterly direction) on West Oak Street. At all relevant times, Mr. Thomas (and, thereby, SRM as his employer or principal) owed P&L a duty to operate SRM's concrete truck in a safe, reasonable, and non-negligent manner so as to avoid injury and damage to P&L's property.

(18) In traveling toward the Oak Street Bridge, Mr. Thomas operated SRM's concrete truck in an unsafe, unreasonable, and negligent manner, causing the truck to collide with and strike the Oak Street Bridge as shown in Figure 1.




**Figure 1**

(19) Mr. Thomas' negligent operation of SRM's concrete truck and the resulting collision caused significant damage to the Oak Street Bridge.

(20) As a result of Mr. Thomas' negligent operation of SRM's concrete truck and the resulting damage to the Oak Street Bridge, P&L was required to and did spend more than $75,000.00 to repair the damage to the Oak Street Bridge caused by Mr. Thomas and SRM.

**CLAIMS**

(21) All allegations contained in the preceding paragraphs of this Complaint are

incorporated by reference as if fully restated herein.

**Count I – Negligence and Vicarious Liability**

(22) At all times relevant to this Complaint, Mr. Thomas owed P&L a duty to operate SRM's concrete truck in a safe, reasonable, and non-negligent manner so as to avoid injury and damages to P&L's personnel and property.

(23) Mr. Thomas operated SRM's concrete truck in an unreasonable, unsafe, and negligent manner, thereby breaching the duty owed to P&L.

(24) Mr. Thomas' negligent operation of SRM's concrete truck caused injury and damage to the Oak Street Bridge, and P&L was required to and did spend more than $75,000.00 to repair the damage to the Oak Street Bridge caused by Mr. Thomas and SRM.

(25) Mr. Thomas' negligent operation of SRM's concrete truck was a substantial factor in causing damage to the Oak Street Bridge.

(26) P&L's repairs to the Oak Street Bridge were reasonable in scope.

(27) The cost of the repairs to the Oak Street Bridge were reasonable in amount.

(28) At the time of the collision, Mr. Thomas was SRM's employee or agent and was operating within the course and scope of his employment or agency with SRM. As a result, SRM is responsible for Mr. Thomas' negligence and the damages resulting therefrom under theories of vicarious liability and/or *respondeat superior*.

**Count II – Negligent Trespass to Real Property**

(29) To the extent not covered by the claim set forth in Count I, Mr. Thomas' operation of SRM's concrete truck constitutes a negligent trespass to P&L's real property, namely the Oak Street Bridge, for which SRM is also liable under theories of vicarious liability and/or *respondeat superior*.

**Count III – Negligent Hiring, Training, Supervision, and Retention**

(30) Upon information and belief and based on publicly available records, Mr. Thomas had a variety of traffic violations and infractions before and during his employment with SRM.

(31) Upon information and belief, on August 23, 2023, and prior to the collision at issue in this case, Mr. Thomas had struck another vehicle or otherwise caused other property damage while driving the same or another SRM concrete truck or other vehicle owned by SRM.

(32) As a result of these violations, prior collisions, and other information that will be subject to discovery, SRM negligently hired Mr. Thomas and should not have directly employed him, contracted with him, or had him serve as their agent. At minimum, SRM should have prohibited Mr. Thomas from operating its concrete truck after a collision on the same day and prior to the collision at issue herein.

(33) P&L sustained property damage as a result of SRM's negligent, training, supervision, or retention of Mr. Thomas.

(34) SRM's negligence in hiring, training, supervising, or retaining Mr. Thomas was a substantial factor in causing or bringing about the destruction of P&L's property.

**Count IV – Negligent Entrustment**

(35) On August 23, 2023, SRM knew or otherwise should have known that Mr. Thomas was an inexperienced, careless, or reckless driver and has, prior to the collision at issue, been involved in another collision on the same day.

(36) Despite the foregoing knowledge, SRM negligently entrusted its concrete truck to Mr. Thomas and permitted him to continue to operate it.

(37) SRM's negligent entrustment of the concrete truck to Mr. Thomas was a substantial factor in causing the collision and issue and caused damage to the Oaks Street Bridge.

**PRAYER FOR RELIEF**

WHEREFORE, P&L prays for judgment against SRM and for an award of damages against SRM for the destruction and repair of its real property, for its costs incurred herein, for pre- and post-judgment interest, for its expenses and fees incurred herein (including a reasonable attorney's fee), for trial by jury, and for any and all other relief to which it may be entitled.

This the 7th day of August, 2024.

Respectfully submitted,

GRUMLEY, RILEY, & STEWART, P.S.C.

By: David T. Riley

David T. Riley
Ben E. Stewart
1634 Broadway
Paducah, Kentucky 42001
(270) 443-0040
driley@kentuckylawyers.com
bstewart@kentuckylawyers.com
***Counsel for Plaintiff***